VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101, Dela Corte Bldg.
167 E. Marine Corps Drive
Hagåtña, Guam 96910
Telephone: (671) 472-1131
Facsimile: (671) 472-2886

Attorneys for Defendant: JUSTIN KEITH GUERRERO

FILED
DISTRICT COURT OF GUAM
OCT 14 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate's Case No. MJ05-00045 |
| Plaintiff, | ) **MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM OF LAW and REQUEST FOR EVIDENTIARY HEARING** |
| vs. | |
| JUSTIN KEITH GUERRERO, and RENEA DORLEEN CRUZ-TAITANO, | |
| Defendants. | |

COMES NOW Defendant JUSTIN KEITH GUERRERO by and through his counsel of record VAN DE VELD SHIMIZU CANTO & FISHER, by Curtis C. Van de veld, Esq., to move this honorable court to suppress all evidence obtained by means of an illegal seizure of Defendant JUSTIN KEITH GUERRERO, and the custodial statements made by this Defendant, for the reasons and upon such basis as hereinafter more fully set forth in the following memorandum of law and such evidence as will be presented at an evidentiary hearing on this motion.

DATED: _October 14, 2005_.

VAN DE VELD SHIMIZU CANTO & FISHER

For Curtis C. Van de veld, Esq.
Attorney for Defendant
JUSTIN KEITH GUERRERO

ORIGINAL
-----
UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 1
Case 1:05-mj-00045    Document 20    Filed 10/14/2005    Page 1 of 9

## STATEMENT OF RELEVANT FACTS

On September 8, 2005, at approximately 8:40 p.m., pursuant to a federal search warrant, Drug Enforcement Administration officers along with Guam law enforcement officers executed a search of the Guam Reef Hotel, Room 755, 1317 Pale San Vitores Road, Tumon, Guam.

At approximately 8:45 p.m., defendants arrived by elevator at the seventh floor of the Guam Reef Hotel. Immediately upon the elevator doors opening, defendants were seized by law enforcement officers and pushed up against a wall. A pat-down search of the person of each of the defendants was performed by law enforcement officers. Immediately after determining that defendants were not in possession of weapons, law enforcement officers began to question defendants about the reason for their being on the seventh floor of the hotel. Law enforcement officers suspected that defendants were in the area for drug related activities concerning room 755. The law enforcement officers began to question the defendants about their reasons for being at the Guam Reef Hotel. Defendant Guerrero was asked if he was aware of the drug lab and persons found in room 755. Defendant Guerrero denied knowledge of the existence of the activities in room 755. Law enforcement officers then asked where defendants were going, to which Defendant Guerrero responded by giving a room number. Law enforcement officers took Defendant Guerrero to the room identified, knocked and after a brief time awaiting a response, told Defendant Guerrero that he was lying and continued to question Defendant Guerrero about drug activities. Law enforcement officers moved Defendant Guerrero to another part of the hotel separated from codefendant RENEA DORLEEN TAITANO, and continued to question Defendant Guerrero. Defendant Guerrero was told that he was not free to leave and was being physically held by law enforcement

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING

Page 2

Case 1:05-mj-00045    Document 20    Filed 10/14/2005    Page 2 of 9

officers. After repeated questioning, law enforcement officers elicited inculpatory statements, from Defendant Guerrero. Law enforcement officers did not advise Defendant Guerrero of Defendant's U.S. Constitutional rights as required by U.S. v. Miranda, 384 U.S. 436, 468-69, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) until 12:30 a.m., on September 9, 2005.

DISCUSSION OF LAW

### 1. ILLEGAL SEIZURE OF DEFENDANT'S PERSON.

The United States Constitution, Fourth Amendment, provides; "The right of the people to be secure in their houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Constitution, amendment IV.

#### 1.1 **Standing of Defendant JUSTIN KEITH GUERRERO.**

It is quite plain that the Fourth Amendment governs 'seizures' of the person. Terry v. Ohio, 392 U.S. 1, 16 (1968). Here the person seized about which Defendant Guerrero complains is his person. Therefore, Defendant has standing to assert his rights under the Fourth Amendment relating to the illegal seizure of his person.

#### 1.2 **Initial seizure of Defendant GUERRERO at the hotel elevators.**

[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. Terry v. Ohio, 392 U.S. 1, 22 (1968). In Terry, we held that an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable suspicion that criminal activity is afoot. .

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 3

Case 1:05-mj-00045  Document 20  Filed 10/14/2005  Page 3 of 9

". . While reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop. . . . The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity. <u>Illinois v. Wardlaw</u>, 528 U.S. 119, 123-124 (2000). The Fourth Amendment permits limited investigatory stops where there is some reasonable, articulable and objective manifestation that the person seized is, or is about to be, engaged in criminal activities. . . . In order to determine if reasonable suspicion existed to justify an investigatory stop, the court must consider the facts available to the officer at the moment of the seizure. <u>U.S. v. Smith</u>, 217 F.3d 746, 749 (9th Cir. 2000). [R]easonable suspicion must not be based on broad profiles which cast suspicion on entire categories of people. . . . The rationale upon which the reasonable suspicion doctrine is based, a doctrine that thwarts the notion of liberty and freedom from state intrusion in a mobile society, must be founded on an objective basis for suspecting that a particular person is engaged in criminal activity, lest we sweep many ordinary citizens into a generality of suspicious appearance merely on hunch. … Reasonable suspicion can not rest upon the hunch of an experienced officer, even if the hunch turns out right. The requirement of objective fact to support an inference of wrongdoing eliminates the need to deal with a police stop that rests on constitutional intuition." <u>U.S. v. Jimenez-Medina</u>, 173 F.3d 752, 756 (9th Cir. 1999).

The police grabbed Defendant GUERRERO and his codefendant as the doors to the elevator of the seventh floor of the Guam Reef Hotel opened. Law Enforcement officers immediately pushed these persons up against a wall and began searching their persons. No

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 4
Case 1:05-mj-00045    Document 20    Filed 10/14/2005    Page 4 of 9

particularized suspicion of criminal activity by these defendants could have been formed by the officers seizing the defendants. While dishonest in substance, Officer Cho reports;

> At approximately 8:45 p.m., a couple, later identified as Justin Keith GUERRERO and Renea Dorleen Cruz TAITANO, was observed exit the elevator on the 7th floor and walk towards Room 755. At this time, LOVE (one of the persons seized in the room of the hotel which was being used as a drug lab) who was sitting in a chair by the elevator saw GUERRERO and TAITANO and turned her face immediately to the other way by lowering her body as if she was trying to hide from them. Officers asked LOVE if she knew GUERRERO and TAITANO. LOVE replied no. Based on LOVE's unusual body language and reaction towards GUERRERO and TAITANO, Officers approached and identified themselves to GUERRERO and TAITANO as police officers. Officers then told GUERRERO and TAITANO that there was on-going narcotics investigation and what room they were going as Officers were escorting them away from the methamphetamine lab for their own safety. GUERRERO and TAITANO were not able to give answer and appeared to be very nervous.

Assuming arguendo, that the seizure was based on these articulable facts, (1) LOVE turned her face away from defendants, (2) LOVE appeared to be hiding from defendants, (3) LOVE said she did not know defendants, and (4) after being seized by police and escorted away from the location that they were heading and being told that the reason was because a drug lab was found and the removal was for their safety, defendants appeared very nervous.

These facts give rise to no more than a hunch of possible criminal activity by defendants. Most people arrested by police lower and hide their faces out of the

embarrassment of being arrested. If someone sought to warn another of their arrest, it is more reasonable to assume that the person would demonstratively make themselves known to the unsuspecting other person. Police could no more determine whether LOVE was lying when she said "no," then whether she was telling the truth. Further, it is completely reasonable that a person being informed that they are in a dangerous location and escorted away by police would be very nervous, fearful for their personal safety. There simply was nothing more than a hunch of criminal activity giving rise to the seizure of the Defendants based on these assumed and untruthful facts.

The true facts disclose a more egregious unlawful seizure. The defendants arrived at the 7th Floor of the Guam Reef Hotel in an elevator stopping at that floor. They were immediately seized by police, pushed up against a wall, frisked and then interrogated. The mere arrival at the 7th Floor can not arise to reasonable suspicion of criminal activity involving the defendants in the mind of a reasonably prudent person.

**2. CUSTODIAL INTERROGATION OF DEFENDANTS.**

The facts asserted in the police report of Officer Cho evidence that the defendants were restricted of movement by police and not free to leave. *See* Thompson v. Keohane, 516 U.S. 99, 112 S. Ct. 457, 133 L. Ed. 2d 383 (1995). Custody determination for *Miranda* purposes requires two discrete inquires, first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the player's lines and actions are reconstructed, the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 6

Case 1:05-mj-00045   Document 20   Filed 10/14/2005   Page 6 of 9

In this case, defendants were seized forcibly from the elevator, shoved up against a wall, frisked and required to move from place to place by police within the 7th Floor of the hotel, all the while being subjected to questioning designed to elicit information of criminal activity. "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda, supra*, at 444.

Interrogation has been defined within this circuit as: "Under all of the circumstances involved in a given case, the questions are reasonably likely to elicit an incriminating response from the suspect. <u>U.S. v. Solano-Godines</u>, 120 F.3d 957, 961 (9th Cir. 1997). Direct questioning by a police officer that leads an accused to make inculpatory statements is the most obvious form of impermissible interrogation, but not all direct questions constitute interrogation. As this court has explained, a definition of interrogation that included any question posed by a police officer would be broader than that required to implement the policy of *Miranda* itself . . . only questions reasonably likely to elicit an incriminating response from the subject amount to interrogation. <u>U.S. v. Foster</u>, 227 F.3d 1096, 1102-03, (9th Cir. 2000).

After having escorted Defendant GUERRERO to the room he said he was going to when stopped, and no answer to the knock on the door occurred, police removed Defendant to another area on the 7th Floor, accused Defendant GUERRERO of lying and continued to question Defendant GUERRERO that he was really there to go to Room 755. After repeatedly denying any knowledge of room 755, and when asked about drugs, Defendant GUERRERO admitted possession of paraphernalia and a small quantity of drugs in defendant TAITANO's purse which Defendant GUERRERO had given her to hold for him inside a pouch. Defendant

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 7

Case 1:05-mj-00045   Document 20   Filed 10/14/2005   Page 7 of 9

GUERRERO had not told Defendant TAITANO what was within the small pouch he had asked her to hold for him in Defendant TAITANO'S purse. Defendant TAITANO is expected to move the court to suppress the use of the evidence illegally obtained from her by police in the illegal seizure of her person.

CONCLUSION

For the reasons stated above hereinbefore, the court should suppress the statements of Defendant and all evidence in this case as such evidence is the product of a wrongful seizure of Defendant GUERRERO and Defendant TAITANO.

DATED: October 14, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
FOR Curtis C. Van de veld, Esq.
Attorney for Defendant
JUSTIN KEITH GUERRERO

REQUEST FOR EVIDENTIARY HEARING

An evidentiary hearing is requested by Defendant.

DATED: October 14, 2005.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
FOR Curtis C. Van de veld, Esq.
Attorney for Defendant
JUSTIN KEITH GUERRERO

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 8
Case 1:05-mj-00045    Document 20    Filed 10/14/2005    Page 8 of 9

### * * * CERTIFICATE OF SERVICE * * *

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on October 14, 2005, via messenger at the following address:

| | |
|---|---|
| Karon V. Johnson, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>District of Guam<br>Criminal Division<br>6th Floor, Sirena Plaza<br>108 Hernan Cortes Avenue<br>Hagatna, Guam 96910 | Cynthia V. Ecube, Esq.<br>Law Offices of Cynthia V. Ecube<br>207 Martyr Street, Suite 3<br>Travel Pacificana Building<br>Hagatna, Guam 96910 |

Dated: Friday, October 14, 2005.

**VAN DE VELD SHIMIZU CANTO & FISHER**

_____
For Curtis C. Van de veld
Attorney for Defendant
JUSTIN KEITH GUERRERO

CCV:ccv
VSCF/J.K. GUERRERO/CR000582

UNITED STATES OF AMERICA vs. JUSTIN KEITH GUERRERO
MOTION TO SUPPRESS EVIDENCE OBTAINED BY ILLEGAL SEIZURE OF DEFENDANT
AND CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS with MEMORANDUM
OF LAW and REQUEST FOR EVIDENTIARY HEARING
Page 9

Case 1:05-mj-00045    Document 20    Filed 10/14/2005    Page 9 of 9