IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUSTIN KEITH GUERRERO and ) <br> RENEA DORLEEN CRUZ-TAITANO, ) <br> ) <br> Defendants. ) <br> _____ ) | MAGISTRATE CASE NO. 05-00045 <br><br><br><br><br> **ORDER** <br> Denying Government's <br> Motion for Reconsideration |

On March 29, 2006, the Court granted the Defendants' motions to suppress all statements made by each of them and all articles seized from them, on the basis that law enforcement officials had no reasonable suspicion to detain the Defendants as they exited the elevators on the seventh floor of the Guam Reef Hotel. (Docket No. 47.)

On April 20, 2006, the Government filed a Motion for Reconsideration. (Docket No. 57.) On May 8, 2006, the Defendant Guerrero filed an opposition to the Government's motion (Docket No. 60), in which Defendant Cruz-Taitano joined. (Docket No. 61.)

As noted by the Defendants, the Government's motion neither discloses the emergence of new facts or a change in law nor establishes a manifest showing that the Court failed to consider material facts. Instead, the Government does nothing more than re-present its prior arguments. Motions to reconsider are appropriate only in rare circumstances:

///

United States v. Justin Keith Guerrero and Renea Dorleen Cruz-Taitano, Criminal Case No. 05-00045
Order Denying Government's Motion for Reconsideration

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

Urtuzuastegui v. U.S., 2001 WL 175940, *1 (D. Ariz. 2001) (citations omitted). The Government's motion does not persuade the Court that this is one of those rare cases where reconsideration of the Court's decision is warranted.

The facts and circumstances which caused the Court to suppress the evidence in the first place have not changed. While the Court recognizes that "not all personal intercourse between policemen and citizens involves 'seizures' of persons," Terry v. Ohio, 392 U.S. 1, 19 (1968), here the fact remains that law enforcement officials did not have reasonable suspicion to detain the Defendants as they exited the elevators on the seventh floor. Furthermore, the Defendants were detained longer than necessary without justification or probable cause. Accordingly, the Court hereby DENIES the motion for reconsideration.

SO ORDERED this 24th day of May 2006.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge